IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID MOROWITZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES GOVERNMENT, ) <br> ) <br> Defendant. ) | Case No. 1:17-cv-00291 <br><br> Judge John J. McConnell, Jr. |

**DEFENDANT UNITED STATES' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

THE DEFENDANT UNITED STATES OF AMERICA, in accordance with LR Cv 7(a)(2)(B), hereby submits this memorandum of law in support of its motion for summary judgment against the Plaintiff David Morowitz.

**Background**

Mr. Morowitz filed this suit seeking a tax refund for the 2010 income tax year.[1]  *See generally* Compl., Doc. No. 1.  He alleges that he is entitled to the refund because the IRS should not have disallowed certain deductions that he had reported on a Schedule C for his individual income tax return (Form 1040).  *See generally* Compl.

A Schedule C is used to report profits or losses from a self-employed business (or single-member LLC) on an individual's income tax return (Form 1040).  *See 2017 Instructions for Schedule C (Form 1040)*, p. C-1, available at https://www.irs.gov/pub/irs-pdf/i1040sc.pdf

---

[1] For the sake of brevity, the government is not setting forth all of the material facts in this background section and instead incorporates by reference the separately-filed statement of material facts submitted in support of the motion for summary judgment.

1

(November 8, 2018) ("Use Schedule C (Form 1040) to report income or (loss) from a business you operated or a profession you practiced as a sole proprietor."). Mr. Morowitz is an attorney and the deductions he reported on his 2010 Schedule C were related to his law practice. *See generally* Doc No. 1-3; *also Defendant United States' Statement of Undisputed Facts in Support of Motion for Summary Judgment* (hereinafter referred to as "SOF"), at ¶¶ 12-20.

However, since 1999, Mr. Morowitz has operated his law practice as an "S" corporation, which files its own income tax returns (Form 1120S). *See* SOF, at ¶ 5. The income and expenses of the law practice are reported on the corporation's tax returns. *See* SOF, at ¶ 6.

In 2009, Mr. Morowitz brought a new shareholder into the corporation and changed the name of the corporation from "The Law Office of David Morowitz" to "Morowitz & Barry." But the legal entity did not change—the corporation continued to operate under the same Federal Employer Identification Number (EIN)—the corporation simply changed its name and added a new shareholder. *See* SOF, at ¶¶ 7–11. The corporation continued to operate in 2010 (and, indeed, it is still operating today, albeit the name was changed back to "The Law Office of David Morowitz"). *See* SOF, at ¶ 11.

Nevertheless, on his 2010 individual income tax return (Form 1040), Mr. Morowitz claimed deductions for expenses arising from the law practice on a Schedule C, including "case costs" in the amounts of $9,977 and $2,137, which were paid out of the corporation's bank accounts. *See* SOF, at ¶¶ 12–16. In addition to the "case costs," Mr. Morowitz also reported a deduction for $15,000 that he paid to the corporation's legal secretaries; he paid the $15,000 out of his personal funds. *See* SOF, at ¶¶ 17–20. The IRS disallowed the deductions that Mr. Morowitz reported on his Schedule C.

**Argument**

"It is beyond hope of contradiction that, in a tax refund suit, the complaining taxpayer bears the burden of proving the incorrectness of the challenged tax treatment." *Muskat v. United States*, 554 F.3d 183, 188 (1st Cir. 2009). Thus, where the taxpayer seeks a tax refund based on deductions, he must show that he is entitled to those deductions. *See Great N. Nekoosa Corp. v. United States*, 711 F.2d 473, 475 (1st Cir. 1983) ("It is hornbook learning that the taxpayer who seeks the refund has the burden of proving not merely its right to a deduction, but also the amount of the deduction."). And since the taxpayer bears the ultimate burden of proof, he must present "definite" and "competent" evidence to survive summary judgment. *See Webb v. I.R.S. of U.S.*, 15 F.3d 203, 205 (1st Cir. 1994) (citing *Bonilla-Aviles v. Southmark San Juan, Inc.*, 992 F.2d 391, 393 (1st Cir.1993)). Here, Mr. Morowitz cannot carry his burden to show that he was entitled to take the deductions related to his law practice on his individual income tax return for the simple reason that he operated his law practice as a corporation and the deductions belonged to the corporation.

1. **Mr. Morowitz operated his law practice as a corporation; therefore, he cannot claim the deductions of the law practice on his individual income tax return.**

"The doctrine of corporate entity fills a useful purpose in business life," but "[t]he choice of the advantages of incorporation to do business … require[s] the acceptance of the tax disadvantages." *Moline Props. v. Comm'r*, 319 U.S. 436, 438–39 (1943) (holding corporate form will not be disregarded to allow reassignment of corporate tax consequences to an individual shareholder); *Town of Brookline v. Gorsuch*, 667 F.2d 215, 221 n.4 (1st Cir. 1981) ("It is almost black-letter law that for purposes of the Internal Revenue Code, distinctions between a corporation and its stockholders will be observed."). Here, Mr. Morowitz decided to operate his

law practice as a corporation and he must accept the tax consequences of that choice, i.e., the expenses of the law practice must be reported on the corporation's income tax return (Form 1120S) and he cannot report those expenses as a deduction on his individual income tax return (Form 1040).

Mr. Morowitz contends that he is entitled to take the deductions because of an agreement that he had with the other shareholder of the corporation. Mr. Morowitz and the other shareholder agreed that any income/expenses for cases that belonged to the corporation before the new shareholder was added would be distributed to Mr. Morowitz. *See* Letter dated November 16, 2015, from David Morowitz to "US Internal Revenue Service," Doc. No. 1-3, ECF Page 56 ("Pursuant to an agreement entered into with my future partner Patrick Barry before we incorporated Morowitz and Barry, Ltd.: the future legal fees from cases that belonged to The Law Office of David Morowitz, Ltd. before the partnership were distributed 100% to me, rather than being corporate income that was distributed between myself and my partner Patrick Barry.").

However, Mr. Morowitz's argument—that changing the corporation's name from "The Law Office of David Morowitz" to "Morowitz & Barry" somehow changes the nature of the expenses—is a red herring for two reasons. First, the corporation did not cease to exist; it simply changed its name. *See* SOF, at ¶¶ 7-11. Mr. Morowitz did not create a new corporation when he brought on a new shareholder; the law practice continued to operate, legally, as the same corporation (regardless of Mr. Morowitz's subjective belief that it was a different law firm). *Id.* The corporation operated under the same EIN and reported to the IRS that it was simply changing its name. *See* SOF, at ¶ 10. That is, the corporation represented to the IRS that it was the same entity as before.

Second, even if the fact that the law firm changed its name somehow formed a new corporation, the expenses that Mr. Morowitz reported on his Schedule C would still not belong to him personally—those expenses would have belonged to "The Law Office of David Morowitz." The deductions that Mr. Morowitz reported on his 2010 Schedule C were expenses associated with three cases, *Baird*, *Lara/Sanchez*, and *Akinola*, and the clients for all three of those cases signed retainer agreements with the corporation, which, at the time, was called "The Law Office of David Morowitz." *See* SOF, at ¶ 21. Thus, assuming *arguendo* that a new corporation were formed simply by changing the corporation's name and adding a shareholder, Mr. Morowitz still would not be able to take deductions on his individual income tax return (Form 1040) for expenses that belonged to the "old" corporation that filed its own tax returns (Form 1120S).

2. **Mr. Morowitz seeks to deduct "case costs" that were actually paid out of the corporation's bank accounts.**

Moreover, the $9,907 in "case costs" were paid by the corporation—not by Mr. Morowitz personally. Mr. Morowitz attached to his complaint copies of the checks that allegedly supported the "case costs." *See* Docket No. 1-3, pp. 11-58. The checks were all drawn on the corporation's bank accounts. *See id.*; *also* SOF, at ¶ 15. Obviously, Mr. Morowitz cannot claim on his personal return a deduction for costs that he did not pay.

While Mr. Morowitz did not attach (and apparently does not have) the checks to support his claimed deduction for $2,137 in "case costs," *see* SOF, at ¶ 16, these checks were also drawn on the corporation's bank accounts. So again, even if the Court were to ignore the fact that Mr. Morowitz operated his law practice as a corporation and cannot take deductions on his individual return, Mr. Morowitz still could not take the deduction for "case costs" because the funds used to pay the expenses came out of the corporation's bank accounts.

Mr. Morowitz may contend that he had to take the deductions on his individual income tax return (Form 1040), as opposed to reporting the expenses on the corporation's income tax return (Form 1120S), because the corporation no longer existed, i.e., "The Law Office of David Morowitz" ceased to exist; however, that is simply inaccurate. "The Law Office of David Morowitz" still existed but just under its new name, "Morowitz & Barry." Even if "The Law Office of David Morowitz" ceased to exist when it changed its name, Mr. Morowitz still would not be able to take the deductions belonging to the corporation on his individual income tax return because he did not pay personally pay the expenses—the funds used to pay the expenses came out of the corporation's bank accounts.

3. **Mr. Morowitz cannot deduct bonuses that he paid to the corporation's legal secretaries out of his wages from the corporation.**

Turning to the $15,000 in "bonuses," admittedly, Mr. Morowitz paid the $15,000, personally, to the two legal secretaries. However, he paid the $15,000 for work that the secretaries performed as employees of the corporation and for work on the *Baird* case, which belonged to the corporation. Accordingly, he cannot deduct the $15,000, because any expenses related to his law practice (in general) and the *Baird* case (specifically) belonged to the corporation.

Thus, the fact that Mr. Morowitz actually paid the $15,000 personally is irrelevant. "[T]he trade or business of a corporation is not that of its shareholders…. Consequently, shareholders are generally not permitted to deduct under section 162(a) sums advanced to a corporation to meet its expenses or pay its debts." *Betson v. Comm'r*, 802 F.2d 365, 368 (9th Cir. 1986) ("These rules are consistent with the principle that if a taxpayer chooses to conduct business through a corporation, he will not subsequently be permitted to deny the existence of

the corporation if it suits him for tax purposes"); *see also Russell v. Comm'r*, 1989 WL 41654 (T.C. 1989) ("We do not agree with petitioners that a subchapter S corporation should be treated differently from a subchapter C corporation in this respect.  Because the expenditures in issue were made on behalf of [corporation's] business and not petitioners' business, we conclude that petitioners may not claim these expenses as business expense deductions.").  The fact is that any bonuses paid to the corporation's legal secretaries *should* have been paid by the corporation—Mr. Morowitz had no legal requirement to pay the $15,000 in bonuses, so those bonuses were nothing more than a gift (which cannot be deducted on a Schedule C).

Moreover, common-law employees (as opposed to statutory employees) cannot deduct expenses from their wages on a Schedule C.  *See*, *e.g.*, *Colvin v. Comm'r*, 2007 WL 1756079, *11 (T.C. 2007) *aff'd by* 285 F. App'x 157 (5th Cir. 2008); *Feaster v. Comm'r*, 2010 WL 29022348, *5 (T.C. 2010); *Rosato v. Comm'r*, 2010 WL 675696, *3-4 (T.C. 2010).  There is no doubt that Mr. Morowitz was (and is) a common-law employee of the corporation.  *See*, *e.g.*, *Yeagle Drywall Co. v. Comm'r*, 54 F. App'x 100, 104 (3d Cir. 2002) (holding that a doctor, who was the president and sole shareholder of an S corporation, was an employee of the S corporation).  There is no dispute that the corporation paid the legal fee exceeding $700,000 to Mr. Morowitz as wages.  *See* SOF, at ¶¶ 18 and 20.   Accordingly, Mr. Morowitz cannot deduct the bonuses he paid to the corporation's legal secretaries.

Mr. Morowitz may claim that the *Baird* case "belonged" to him individually, and not the corporation.  However, this argument fails in light of the fact that the income from the *Baird* case (the legal fee exceeding $700,000) was actually reported as income to the corporation and only then paid as wages to Mr. Morowitz by the corporation.  *See* SOF, at ¶ 20.  Moreover, the clients for the *Baird* case had signed a retainer agreement with the corporation, not with Mr. Morowitz

individually.  *See* SOF, at ¶ 21.  And, tellingly, the proceeds from the *Baird* case were deposited into the corporation's trust account, and the checks used to disburse those proceeds were paid from the corporation's trust account.  *See* SOF, at ¶ 19.  Since the legal fee from the *Baird* case was treated as income to the corporation, any deductions related to the case (i.e., the bonuses paid to his secretaries) also belonged to the corporation (just as the corporation deducted Mr. Morowitz's wages related to the case).

In sum, the fact that Mr. Morowitz added a new shareholder and changed the name of his corporation is immaterial.  He was a common-law employee of the corporation since its inception—well before he added a shareholder—when he made the election to treat his law practice as an S corporation on April 13, 1999.  As an employee of the corporation, he cannot claim deductions related to his law practice on a Schedule C because the deductions belong to the corporation.  Mr. Morowitz chose to operate his law practice as an S corporation; accordingly, he must accept the tax consequences of that choice.

## Conclusion

For the abovementioned reasons, the Court should enter summary judgment against Mr. Morowitz and find that he is not entitled to a tax refund for the 2010 income tax year.

    Respectfully submitted,

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General

    */s/ Carl L. Moore*
    CARL L. MOORE
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Washington, D.C.  20044
    202-307-5892 (v)
    Carl.L.Moore@usdoj.gov