UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| DAVID MOROWITZ,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT,<br>    Defendant. | C.A. No. 1:17-CV-00291 |

## ORDER

Defendant, the United States Government ("Government"), filed a motion for summary judgement on Plaintiff David Morowitz's ("Mr. Morowitz") claim for recovery on Internal Revenue Service ("IRS") tax and claim for recovery on penalties erroneously assessed and collected. ECF No. 7. Mr. Morowitz filed an objection to the motion for summary judgement and the Government filed a reply. ECF No. 16. At issue for this Court is whether Mr. Morowitz is entitled to a reimbursement of the assessment of taxes, penalties, and fees when the IRS disallowed filed deductions on his individual tax return.

### I.    BACKGROUND

Mr. Morowitz filed articles of incorporation with the Office of the Rhode Island Secretary of State and incorporated the Law Office of David Morowitz as an "S" Corporation in 1999. ECF No. 8 at 1. Mr. Morowitz was the sole shareholder of that corporation at the time of incorporation. *Id.* As standard practice for an "S" Corporation, Mr. Morowitz filed a Form 1120S, U.S. Income Tax Return for an S Corporation ("Form 1120S"), to report its taxes. *Id.* All income and expenses of the corporation were reported on the Form 1120S until 2009 when Mr. Morowitz brought in a new shareholder. *Id.* at 2. At that time, Mr. Morowitz changed the name of the corporation to

1

Morowitz & Barry, Ltd. *Id.* When Mr. Morowitz amended the name of the corporation, he did not dissolve the original corporation, amend its corporate structure, or change its Federal Employer Identification Number ("EIN"). *Id.* Instead, the corporation continued to operate under its amended name throughout the 2010 income tax year. *Id.*

In conjunction with Mr. Morowitz amending the name of the corporation, he entered into a Shareholder Agreement (the "Agreement") with Patrick Barry to whom 50 shares of stock were issued. ECF No. 13 at 2-3. In that agreement, Mr. Morowitz and Mr. Barry agreed to segregate "[f]ees earned and monies paid on Mr. Morowitz's pre-existing cases," and those fees or monies earned would not belong to Morowitz & Barry, Ltd. *Id.* The retainers for the pre-existing clients, however, were executed through the Law Office of David Morowitz, Ltd., prior to the Agreement. ECF No. 12 at 1. Mr. Morowitz concedes that, when the corporation amended its name, the pre-existing clients did not sign a new retainer agreement with Morowitz & Barry, Ltd., nor does Mr. Morowitz offer that the pre-existing clients signed a new retainer agreement with him individually. *Id.*

On his 2010 individual income tax return, however, Mr. Morowitz filed a Schedule C (Form 1040) claiming deductions for expenses relating to those pre-existing cases. ECF No. 8 at 3-4. The deductions include "case costs" in the amount of $9,997 and $2,137, each paid out of the corporation's bank account. *Id.* Additionally, Mr. Morowitz claimed a deduction for $15,000 that he paid, out of pocket, to the corporation's legal secretaries for work performed on a pre-existing case. *Id.* The IRS disallowed each of these deductions

## II. STANDARD OF REVIEW

"Summary judgment is appropriate where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

2

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Rivera-Flores v. Bristol-Myers Squibb Caribbean*, 112 F.3d 9, 13 (1st Cir. 1997) (*quoting* Fed. R. Civ. Pro. 56). The substantive law identifies the facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In a refund action under 26 U.S.C. § 7422(a), the complaining taxpayer bears the burden of proving that the challenged IRS tax assessment was erroneous. *Webb v. IRS*, 15 F.3d 203, 205 (1st Cir. 1994). As such, the taxpayer who seeks a refund has the burden of proving: his right to a deduction; the amount of the deduction; and, as the nonmoving party, definite and competent evidence to survive summary judgment. *Great N. Nekoosa v. United States*, 711 F.2d 473, 475 (1st Cir. 2009); *see also Webb*, 15 F.3d at 205 (citing *Bonilla-Aviles v. Southmark San Juan, Inc.*, 992 F.2d 391, 393 (1st Cir.1993)).

### III. ANALYSIS

#### A. Mr. Morowitz was Never a Sole Proprietor and not Entitled to Take Personal Deductions from Payments Associated with the Corporation.

Mr. Morowitz argues that he is entitled to the deductions because the payments on the pre-existing cases were not related to the corporation but, instead, were from a separate business operation that he classifies as a sole proprietorship. ECF No. 12 at 3. In so arguing, Mr. Morowitz identifies the steps he took to separate this business from the corporation. Mr. Morowitz states that, though there was no formal dissolution of his corporation prior to the name change, there was a withdrawal of all funds, an insertion of new funds, new stock issued to an additional stockholder, and an additional officer was added to the corporation. *Id.* at 4. However, though Mr. Morowitz claims those fees and monies belong to him personally, and not the corporation, he admits that the funds were deposited into, and paid from, the corporation's IOLTA account. *Id.* at 7. Further, Mr.

3

Morowitz admits that that the clients of the pre-existing cases signed retainer agreements solely with his corporation. *Id.* at 1. Essentially, Mr. Morowitz offers that, "although technically not a new entity for purposes of registering with the Secretary of State, the intent was the start of a new firm." *Id.* at 11.

This Court is mindful of the intentions of Mr. Morowitz. However, a corporation exists for tax purposes if formed for a business purpose or if it carries on business after incorporation. *Moline Props. V. Comm'r.*, 319 U.S. 436, 238-39 (1943). The choice of the advantages of incorporation to do business require the acceptance of the tax advantages and disadvantages. *Id.*; *see Burnet v. Commonwealth Imp. Co.*, 287 U.S. 415, 419-20 (1932). While a taxpayer is free to organize her business as she chooses, once having done so, she must accept the tax consequences of her choice, whether contemplated or not, and may not enjoy the benefit of some other route she might have chosen to follow but did not. *Comm'r v. Nat'l Alfalfa Dehydrating & Milling Co.*, 417 U.S. 134, 149 (1974).

Mr. Morowitz chose to incorporate the Law Office of David Morowitz, Ltd., and elected to file with the IRS as an "S" corporation. ECF No. 8 at 1. "S" corporations are corporations that elect to pass corporate income, losses, deductions, and credits through to their shareholders for federal tax purposes. When the shareholders of a corporation make a Subchapter S election, they switch from a multiple-level taxation system to a flow-through taxation system under which income is subjected to only one level of taxation. *Gitlitz v. Comm'r*, 531 U.S. 206, 209 (2001). The corporation's profits and losses pass through directly to its shareholders on a pro rata basis and are reported on the shareholders' individual tax returns allowing "S" Corporations to avoid double taxation on its corporate income. *Id.* The IRS requires "S" Corporations to file a Form 1120S to

report its income, gains, deductions, and credits. *S Corporation*, IRS, https://www.irs.gov/businesses/small-businesses-self-employed/s-corporations.

Since incorporation, Mr. Morowitz has properly filed a Form 1120S to report the corporation's income, gains, deductions, and credits. ECF No. 8 at 2. Mr. Morowitz, in 2009, added a shareholder, amended the name of the corporation, and continued to file a Form 1120S Form with the same EIN. *Id.* In 2010, however, Mr. Morowitz filed a Schedule C (Form 1040) claiming deductions from pre-existing case costs stemming from clients retained through the Law Office of David Morowitz, Ltd. *Id.* at 3-4. In filing a Schedule C (Form 1040), Mr. Morowitz attempted to report income or loss stemming from a business operated, or a profession practiced, as a sole proprietor. A sole proprietor, however, is someone who owns an unincorporated business by himself or herself. *Sole Proprietorships*, IRS, https://www.irs.gov/businesses/small-businesses-self-employed/sole-proprietorships.

Mr. Morowitz cannot establish that he practiced as a sole proprietor entitling him to take deductions on a Schedule C (Form 1040). The corporation, the Law Office of David Morowitz, Ltd., was not dissolved when it amended its name to Morowitz & Barry, Ltd. Instead, Mr. Morowitz filed an Articles of Amendment to change the name of the law firm and to issue shares to Mr. Barry. ECF No. 13 at 1. The corporation continued to operate under the same EIN and continued to file the required Form 1120S with the IRS. ECF No. 8 at 2. Therefore, the corporation was always operating within the elected "S" Corporation structure. As such, a Schedule C (Form 1040) was improperly filed and the IRS properly disallowed the deductions on that form.

> 1. **Deduction for Payments on Case Costs were Paid out of Corporate Accounts and for Corporate Activities.**

Though Mr. Morowitz contends, with respect to the pre-existing clients, that he operated a separate business apart from the corporation, he paid the fees for the pre-existing cases out of the corporation's account. Mr. Morowitz argues that he, individually, paid the case costs because the cases at issue were not associated with Morowitz & Barry, Ltd. ECF No. 12 at 1. The fees paid, according to Mr. Morowitz, were $9,977 for case advances on the pre-existing cases enumerated in the Agreement as well as $2,137[1] for case advances on a separate case. *Id.* at 3. As stated above, Mr. Morowtiz has failed to establish that he operated any business other than the elected "S" Corporation he elected to incorporate. As such, payments of the expenses of a corporation by a shareholder constitute a loan or a contribution to the capital of the corporation and are deductible, if at all, not by the shareholder, but by the corporation. *Grothues v. Comm'r*, 84 T.C.M. (CCH) 561 (2002). Therefore, Mr. Morowitz is not personally entitled to take deductions on case costs of cases retained, and expensed, through the corporation.

### 2. Deduction for Bonus Payment to Legal Secretaries was for Work Associated with the Corporation.

Additionally, Mr. Morowitz contends that he is entitled to the deduction of $15,000 that he paid as bonuses to his legal secretaries because the payment was made for work separate and apart from that of the corporation. ECF No. 12 at 8-9. Mr. Morowitz offers that he personally, not the corporation, paid the secretaries and filed the 1099's on their behalf. *Id.* However, the clients of the pre-existing cases signed a retainer agreement with the Law Office of David Morowitz, Ltd., and the proceeds awarded from that case were deposited into the corporation's trust account and

---

[1] Mr. Morowitz contends that the $2,137 was money spent in 2006 for case advances. The amount was not recovered until 2010 when it was re-paid to Mr. Morowitz, personally. Mr. Morowitz states that the reason the $2,137 was reported on a Schedule C was because it was mistakenly reported as income when, in fact, it was a repayment of case advances from 2006. Regardless of the purpose for including this deduction on his Schedule C, there are administrative measures through which Mr. Morowitz could have amended his return if he believed this deduction was mistakenly disallowed because it was filed on the wrong form. As such, the Court will treat the $2,137 as it appears on the Schedule C– a deduction for case costs for a pre-existing case.

subsequently paid from that trust account. ECF No. 13 at 7. The fact that Mr. Morowitz paid himself those proceeds, and personally made bonus payments to his legal secretaries for work associated with the pre-existing case, is immaterial. Again, Mr. Morowitz has not operated a law practice as a sole proprietor and, therefore, cannot take deductions from his legal practice on a Schedule C. The payments, whether properly made or not, stem from the business of the corporation that has never ceased to exist/operate and "[b]ecause the expenditures in issue were made on behalf of [the corporation's] business, we conclude that petitioners may not claim these expenses as business expense deductions." *Russell v. Comm'r*, 57 T.C.M (CCH) 292 (1989).

### B. A Contractual Agreement will not Avoid Federal Tax Consequences

Further, Mr. Morowitz argues that he entered an Agreement that carved out the pre-existing cases from the benefit and the liability of the newly formed corporation. As such, he argues that the work for these pre-existing cases was conducted as a separate business from the corporation and he conducted that business as a sole proprietor entitling him to file case fees as deductions on a Schedule C. ECF No. 12 at 2. However, "[a] shareholder cannot convert a business expense of his corporation into a business expense of his own simply by agreeing to bear such an expense." *Harding v. Comm'r*, 29 T.C.M. (CCH) 789 (1970). Therefore, "[a]greements entered into between individuals may not prevail as against the provisions of the revenue laws in conflict." *First Tr. Co. of Omaha V. United States*, 99 Fed. Cl. 168, 181 (2011). Parties are free to contract and, when parties agree to a transaction, federal law then governs the tax consequences of the agreement, whether contemplated or not. *See Nat'l Alfalfa Dehydrating & Milling Co.*, 417 U.S. at 149; *see also United States v. Fletcher*, 562 F.3d 839, 843 (7th Cir. 2009) (holding "people determine what transactions to engage in; federal law then specifies how much tax is due.").

### IV. CONCLUSION

7

Mr. Morowtiz cannot establish that he is entitled to the disallowed deductions on his Schedule C where there is no clear evidence that he operated a law practice separate from the corporation. Accordingly, this Court GRANTS the Government's motion for summary judgment. ECF. No. 7.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

March 7, 2019